IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM ZIEGLER and VICKI ZIEGLER**<br><br>Plaintiffs,<br><br>v.<br><br>**POLARIS INDUSTRIES, INC. and ERIC KIPP**<br><br>Defendants. | CASE NO. 1:21-CV-00956<br><br>HON. JANE M. BECKERING<br><br>MAGISTRATE JUDGE SALLY J. BERENS |

**STIPULATED PROTECTIVE ORDER**

Plaintiffs William Ziegler and Vicki Ziegler ("Plaintiffs") and Defendants Polaris Industries Inc. ("Polaris") and Eric Kipp ("Kipp") (together, the "Parties") have agreed to the terms set forth herein and hereby request this Court enter the following Stipulated Protective Order ("Order"):

**1.** **Scope**.  All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, and any other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below.  The provisions of this Order shall apply to all the parties (including any parties joined after the entry of this Order) and any third parties producing Documents who agree to be bound by the terms of this Order.  The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation.**  Any party or third party producing Documents may designate such Documents as confidential and restricted in disclosure under this Order by

placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Document in a manner that will not interfere with the legibility of the Document. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the Documents. The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party or third party producing Documents may designate such Documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the Documents contain information protected from disclosure by statute or that should be otherwise protected from disclosure, such as confidential personal information, medical or psychiatric information, personnel records, business records, or such other sensitive commercial information (including but not limited to financial information, trade secrets, design documents, and contracts) that is not publicly available. Public records and other information or documents that are publicly available may not be designated.

4. **Depositions.** Deposition testimony may be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by indicating such designation on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony. If no indication is made on the record, all information disclosed during a deposition shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until the time within which it may be appropriately designated as provided for herein has passed. Any Documents that have been produced by defendant that are used in the taking of a deposition shall remain subject to the

provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Documents. In such cases the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed by persons other than those specified in paragraph 5(b) below or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

    **5.** **Protection of Confidential Material.**

    **(a)** **General Protections of Documents Designated Confidential.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in Paragraphs 5(b) and 5(c) for any purpose whatsoever, other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    **(b)** **Disclosure of Documents Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents to any third party except as set forth in subparagraphs (1)-(6) below. Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

    **(1)** **Outside Counsel.** Outside counsel of record in this action (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this action);

  **(2)**   **Parties.** Parties and employees of a party to this Order;

  **(3)**   **Insurers.** The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

  **(4)**   **The Court.** The Court (including court reporters, stenographic reporters, and court personnel);

  **(5)**   **Consultants, Investigators, and Experts.** Consultants, investigators, and/or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound; and

  **(6)**   **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

 **(c)**   **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.** Prior to Production to any party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies") of Documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a Document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy.  All such Copies shall thereafter be entitled to the protection of this Order.  The term "Copies" shall not include indices, electronic databases or lists of Documents provided these indicates, electronic databases or lists do not contain substantial portions or images of the text of confidential Documents or otherwise disclose the substance of the confidential information contained in those Documents.

**(e)** **Inadvertent Production.** Inadvertent production of any Document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be governed by Federal Rule of Civil Procedure 26(B)(5)(b).  An inadvertent production shall not operate as a waiver of attorney-client privilege or work-product protection if the producing party took reasonable steps to prevent disclosure and promptly takes reasonable steps to rectify the error.

**6.** **<u>Filing of Documents Under Seal.</u>** To the extent that a brief, memorandum or pleading references any Document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.  Notwithstanding this provision, the parties agree that the rules and procedures of the Court shall prevail if inconsistent with this provision.  If a party wishes to file documents with the Court and its rules do not permit filing them under seal, the filing party shall notify the opposing party in advance so

as to give the opposing party an opportunity to object and work with the filing party on alternative means of preserving confidentiality.

**(a)** Before any Document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the Document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the Document or a redacted version of the Document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before a CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the Document is, the name of the party on whose behalf it is submitted, and name of the attorney who has filed the Document on the front of the envelope. A copy of any Document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the un-redacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of Documents under seal, then the parties shall follow this alternative method and shall not file any Documents or pleadings manually with the Clerk of Court.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereinafter referred to each individually as a "Party" and collectively as "Parties"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to attempt to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any Documents subject to the objection, the designating party shall serve on all Parties a notice specifying the Documents and the nature of the agreement. If the Parties are unable to reach agreement, the matter shall be brought to the attention of the Court according to the rules and procedures of the Court; but, in any event, the burden shall be on the party designating documents as confidential to establish the need for confidentiality.

8. **Action by the Court.** Applications to the Court for an order relating to any Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion and subject to any other procedures set forth in the Local Rules or presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

9. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent an order of this Court, there will be no restrictions on the use of any Document

that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents or information derived therefrom, such party shall <u>provide advance notice to the other party at least five (5) days before the commencement of trial</u> by identifying the Documents or information at issue as specifically as possible (<u>i.e.</u>, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents or information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

**10.** **Obligations on Conclusion of Litigation.**

**(a)** **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Return of Documents Designated Confidential.**  Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including Copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate substantial portions of the text or images of confidential

Documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order.

  **(c)**  **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

  **11.**  **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a Party. Motions to modify this Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

  **12.**  **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Document or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the Parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific Document or issue.

  **13.**  **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*[Remainder of Page Intentionally Blank]*

Dated: April 19, 2022

**THOMAS M. PARIS, ATTORNEYS & COUNSELORS AT LAW**

*/s/ Thomas M. Paris (with permission)*
Thomas M. Paris
55 W. Monroe Street, Suite 3950
Chicago, IL 60603
T: (312) 759-1600
F: (312) 201-1436
E: tp@tomparislaw.com

*Counsel for Plaintiffs*

**HARVEY KRUSE, P.C.**

*/s/ Bogomir Rajsic, III (with permission)*
Bogomir Rajsic, III
Attorneys for Defendant Eric Kipp
3210 Eagle Run Drive NE, Suite 204
Grand Rapids, MI 49525
T: (616) 771-0050
E: brajsic@harveykruse.com

*Counsel for Defendant Eric Kipp*

Respectfully Submitted:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Dawn M. Beery*
Dawn M. Beery
Matthew Nirider
Craig L. Sanders
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
T: (312) 212-4949
F: (312) 767-9192
E: dbeery@beneschlaw.com
   mnirider@beneschlaw.com
   csanders@beneschlaw.com

Deana S. Stein
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
T: (216) 363-4500
F: (216) 363-4588
E: dstein@beneschlaw.com

**BARNES & THORNBURG LLP**
Anthony C. Sallah
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
T: (616) 742-3976
F: (616) 742-3999
E: Anthony.Sallah@btlaw.com

*Counsel for Defendant Polaris Industries Inc.*

**IT IS SO ORDERED:**

Dated:  April 20, 2022       /s/ Jane M. Beckering
                             HON. JANE M. BECKERING

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM ZIEGLER and VICKI ZIEGLER**<br><br>Plaintiffs,<br><br>v.<br><br>**POLARIS INDUSTRIES, INC. and ERIC KIPP**<br><br>Defendants. | CASE NO. 1:21-CV-00956<br><br>HON. JANE M. BECKERING<br><br>MAGISTRATE JUDGE SALLY J. BERENS |

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order filed in the above-captioned action and understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or entity.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature _____

2