IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM ZIEGLER and VICKI ZIEGLER**<br><br>Plaintiffs,<br><br>v.<br><br>**POLARIS INDUSTRIES, INC. and ERIC KIPP**<br><br>Defendants. | **CASE NO. 1:21-CV-00956**<br><br>**HON. JANE M. BECKERING**<br><br>**MAGISTRATE JUDGE SALLY J. BERENS** |

**DEFENDANT POLARIS INDUSTRIES INC.'S LIMITED MOTION FOR RECONSIDERATION OF ORDER DISMISSING DEFENDANT ERIC KIPP AND TO COMPEL ERIC KIPP TO RESPOND TO PREVIOUSLY SERVED DISCOVERY**

Pursuant to W.D. Mich. LCivR 7.4 Defendant Polaris Industries Inc. ("Polaris"), by and through its attorneys, submits its Limited Motion for Reconsideration of this Court's Order Dismissing Defendant Eric Kipp ("Kipp") and to Compel Kipp to Respond to Previously Served Discovery as follows:

**INTRODUCTION**

This is a products liability case about an off-road vehicle accident where the driver, Kipp, is also the brother-in-law of Plaintiff William Ziegler ("Ziegler") and brother of Plaintiff Vicki Ziegler. Around 1:15 a.m. on November 28, 2019 (early Thanksgiving morning), Kipp drove his Polaris Ranger off a main road, down an embankment, and landed in a creek. Ziegler was the sole passenger in the vehicle at the time, and he suffered serious injuries. Compl. ¶¶ 7-8. In other words, the only two people who know what happened at the time of the accident are Ziegler and Kipp.

Polaris served Kipp with written discovery, including interrogatories, on April 13, 2022. Kipp's responses were due on May 13, 2022. Rather than timely comply with his discovery obligations, Kipp asked for a two-week extension to respond – presumably while he was working toward a settlement with Plaintiffs. The day before that discovery extension ended, Kipp and

1

Plaintiffs jointly filed a Motion to Dismiss Kipp from the case in light of a settlement reached between them. The Court granted that Motion to Dismiss the next day without knowing that Kipp owed Polaris discovery responses that very day. Kipp is now affirmatively refusing to comply with his discovery obligations because he does not want to, in the words of his counsel, "torpedo" his brother-in-law's case. Kipp and the Plaintiff are the only two people who were involved in the accident and at the scene when the accident occurred. Kipp's discovery responses and testimony on these issues is crucial to Polaris having a fair opportunity to defend itself in this case. The Court should not allow him to needlessly delay and/or evade his discovery obligations, which originally came due prior to his dismissal.

To be clear, Polaris has no desire to delay or otherwise upset Kipp's settlement with Plaintiffs. All Polaris wants is for Kipp to respond to the discovery that was pending so that Polaris can move forward with its defense of Plaintiffs' claims. Accordingly, Polaris asks the Court to reconsider its dismissal of Kipp for the limited purpose of compelling him to respond to Polaris's discovery.

## RELEVANT FACTS AND HISTORY

This case is on a tight discovery schedule, with fact discovery set to close by September 9, 2022. *See* Dkt. No. 17. Thus, on April 13, 2022, Polaris served on Kipp its First Set of Interrogatories (the "Interrogatories") and First Request for Production of Documents (the "RFP"). Declaration of Matthew Nirider ("Nirider Decl.") ¶¶ 3-4. Per Federal Rules of Civil Procedure 33 and 34, Kipp's responses and objections were due on or by May 13, 2022. *Id.* ¶ 5. On Wednesday, May 11, 2022—two days before the deadline—Kipp's counsel emailed Polaris's counsel and asked for a 14-day extension (until May 27, 2022) to respond to the Interrogatories and RFP. *Id.* ¶ 6. As a professional courtesy, Polaris's counsel granted Kipp what it understood to be a good-faith request for a reasonable extension. *Id.* ¶ 7. There was no suggestion that settlement

2

negotiations were ongoing between Plaintiffs and Kipp, and Polaris reasonably expected that Kipp would simply respond to the RFP and Interrogatories by May 27, instead of May 13. *Id.* ¶ 8.

In granting Kipp's requested extension, Polaris's counsel inquired as to whether Kipp planned to produce medical records in response to the RFP (which requested medical records in connection with the accident at issue in this lawsuit) or would instead produce authorizations for the release of medical records. *Id.* ¶ 9. If the latter, Polaris's counsel asked Kipp's counsel to provide the authorizations sooner than May 27, 2022 to allow Polaris to begin the process of collecting those medical records. *Id.* ¶ 10. Kipp's counsel did not respond to Polaris' counsel's request. *Id.* ¶ 11. On May 16, 2022, Polaris's counsel followed up with Kipp's counsel to ask again about the releases and again received no response. *Id.* ¶ 12.

After Polaris granted this extension but before discovery was due (per the extension), on May 20, 2022, Plaintiffs' counsel informed Polaris (via email) that they had settled with Kipp for the limits of Kipp's insurance policy and inquired as to whether Polaris would consent to a stipulation of dismissal. *Id.* ¶ 13. At the time, Polaris's counsel was in the process of preparing for another trial and was not able to respond instantly. *Id.* ¶ 14. On May 25, 2022, Polaris's counsel spoke with Kipp's counsel regarding the settlement and explained that Polaris had no desire to hold up settlement but wanted to confirm that the discovery previously due would be produced. *Id.* ¶¶ 15-16. To Polaris's counsel's surprise, Kipp's counsel explained that in light of the settlement, Kipp's discovery responses would not be forthcoming. *Id.* ¶ 17. Kipp's counsel articulated that despite the accident and lawsuit, Plaintiffs and Kipp are family, and Kipp did not wish to produce discovery that would "torpedo" Plaintiffs' case against Polaris. *Id.* ¶ 18. Polaris's counsel explained that Kipp's refusal to respond to the pending discovery meant that Polaris would have to begin all over again, this time with subpoenas. *Id.* ¶ 19. In response, Kipp's counsel reaffirmed his position that Kipp would not produce the outstanding discovery. *Id.* ¶ 20.

The next day, on May 26, 2022, Plaintiffs and Kipp brought their joint motion to dismiss Kipp from this action. Dkts. 28-29. In their motion, Plaintiffs and Kipp omitted the above-described discussion regarding the outstanding discovery. *Id.* The next morning, on May 27, as Polaris was in the process of preparing a limited objection to the joint motion to dismiss and motion to compel Kipp to produce discovery, this Court entered an Order of Partial Dismissal, which dismissed Kipp from this action, with prejudice. *See* Dkt. 30; Nirider Decl. ¶ 22. Almost immediately after the entry of the Order, counsel for Polaris spoke with counsel for Kipp to ask again for discovery and for a concurrence on this motion for reconsideration. Nirider Decl. ¶ 23. Kipp's counsel declined, citing the fact that he is no longer a party. *Id.* ¶ 24.

## **ARGUMENT**

"A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence." *Glen Elec. Holdings, GmbH v. Coolant Chillers, Inc.*, No. 1:10-CV-1109, 2012 WL 13018610, at *1 (W.D. Mich. Dec. 7, 2012) (citation and quotations omitted). Here, the Court decided the motion to dismiss before Polaris could file a limited objection, and so the Court did not have before it all relevant facts. Polaris, of course, has no desire to delay or otherwise hinder Plaintiffs' settlement with Kipp. Rather, Polaris asks only that the Court reconsider its dismissal order for the limited purpose of requiring Kipp to respond to Polaris's outstanding discovery, which was originally due on May 13, 2022.

The timeline of events and Kipp's desire, expressed by his counsel, to not "torpedo" his relatives' claims against Polaris suggest a concerted effort on Kipp's part to avoid responding to Polaris's discovery. At least one other federal court has grappled with a similar issue. In *Pac. Coast Horseshoeing Sch., Inc. v. Grafilo*, No. 2:17-cv-02217-JAM-GGH, 2021 WL 2671885 (E.D. Cal. June 29, 2021), one of the plaintiffs sought to be dismissed from an action (which sought to

4

challenge a state education law) while discovery was pending. The court denied this request out of concern that it was being done to avoid discovery obligations, explaining that "[u]sing Rule 21 as a shield to avoid discovery obligations is improper." *Id.* at *3. The court found the remaining defendants would be prejudiced by this plaintiff's dismissal at this stage because discovery from the plaintiff was essential to the defense, having been identified in the complaint as the only person with knowledge on the application of the challenged statute, and third-party discovery would be insufficient.

The same concern exists here. Polaris needs critical discovery from Kipp in order to defend itself in this case. Kipp is one of only two people who know what happened at 1:15 a.m. on November 28, 2019. Kipp is the only person who can authorize Polaris to obtain his medical records so that, among other things, Polaris can determine his blood alcohol level at the time of the accident. Kipp is also the only person who has information about the current location of the vehicle involved in the accident—he claims he sold it through Facebook Marketplace, and only he would be able to turn over records of that transaction to allow the parties to locate the vehicle now.

As stated above, Polaris does not want to impede Plaintiffs' settlement with Kipp. To the contrary, Polaris is disappointed that it had to bring this motion, as up until now, there had been a strong level of cooperation among counsel. All Polaris wants is for Kipp to respond to its discovery that was originally due on May 13. Polaris should not have to go to the expense, burden, or time of starting over again with third-party discovery to Kipp. Polaris also has concerns that, given Kipp's desire to not "torpedo" Plaintiffs' claims, obtaining third-party discovery from Kipp may not proceed with the speed necessary to meet the fact-discovery cutoff on September 9, 2022. Moreover, Polaris will have no ability to obtain sworn interrogatory responses if relying on third-party discovery. In short, Polaris would be prejudiced if unnecessarily forced to start discovery with Kipp over in the wake of this settlement.

## **CONCLUSION**

In light of the above, Polaris asks this Court to reconsider its dismissal of Kipp from this litigation and instead compel Kipp to respond adequately to the RFP and Interrogatories and stay any dismissal of Kipp until and unless Kipp complies with such discovery obligations.

Dated: June 3, 2022                                          Respectfully Submitted:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Matthew Nirider*
Matthew Nirider
Dawn M. Beery
Craig L. Sanders
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
T: (312) 212-4949
F: (312) 767-9192
E: dbeery@beneschlaw.com
    mnirider@beneschlaw.com
    csanders@beneschlaw.com

Deana S. Stein
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
T: (216) 363-4500
F: (216) 363-4588
E: dstein@beneschlaw.com

**BARNES & THORNBURG LLP**
Anthony C. Sallah
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
T: (616) 742-3976
F: (616) 742-3999
E: Anthony.Sallah@btlaw.com

*Counsel for Defendant Polaris Industries Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 3, 2022 a copy of the foregoing motion was filed electronically and served by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

               */s/ Matthew Nirider*
               *Counsel for Polaris Industries Inc.*