IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM ZIEGLER and VICKI ZIEGLER**<br><br>Plaintiffs,<br><br>v.<br><br>**POLARIS INDUSTRIES, INC. and ERIC KIPP**<br><br>Defendants. | CASE NO. 1:21-CV-00956<br><br>HON. JANE M. BECKERING<br><br>MAGISTRATE JUDGE SALLY J. BERENS |

**POLARIS'S MOTION FOR ORAL ARGUMENT ON MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, TO FILE REPLY IN SUPPORT**

Defendant Polaris Industries Inc. ("Polaris") believes that no further argument on its Motion for Reconsideration is necessary. Neither Plaintiffs nor Defendant Eric Kipp directly addressed Polaris's arguments, and instead, both raised the possibility that Eric Kipp will assert the patient-physician privilege over medical records that are part -- but not all -- of the documents and information Polaris seeks from Mr. Kipp. The Court does not need to wade into questions of privilege to resolve Polaris's Motion for Reconsideration and to Compel Defendant Eric Kipp to Respond to Previously Served Discovery (the "Motion"). However, in the event the Court wishes to hear argument on the privilege issues, Polaris asks the Court to grant either oral argument concerning Polaris's pending Motion or, in the alternative, to allow Polaris leave to file a short reply brief. In support thereof, Polaris states as follows:

1. On June 3, 2022, Polaris filed the Motion (ECF No. 31) following the Court's Order of Partial Dismissal dismissing Defendant Eric Kipp with prejudice. (ECF No. 30.)

2. Plaintiffs William and Vicki Ziegler filed their Response in opposition to the Motion on June 13, 2022. (ECF No. 35.)

15823094 v4

3. Defendant Eric Kipp filed his Response in opposition to the Motion on June 17, 2022. (ECF No. 36.)

4. Neither response directly addresses Polaris's arguments. Instead, both Responses preemptively raised certain objections that Mr. Kipp may assert in response to outstanding discovery issued by Polaris, in particular, the applicability of the patient-physician privilege to certain medical records (including the results of Mr. Kipp's blood-alcohol and toxicology tests). The privilege issues themselves give rise to further substantive legal issues, especially choice-of-law.[1] (*See generally* ECF Nos. 35 & 36.)

5. Fortunately, the Court does not need to reach or address any of these issues to resolve the Motion for Reconsideration. The only question before the Court in that Motion is whether it should reconsider its order dismissing Eric Kipp and reinstate him as a party for a brief period of time so that he would be obligated to respond to discovery previously issued by Polaris.

6. However, to the extent the Court is inclined to entertain Plaintiffs' and Kipp's privilege arguments, Polaris respectfully requests an opportunity to address this issue, either through argument, a reply brief, or both. Polaris disagrees with Plaintiffs' and Kipp's position that patient-physician privilege would preclude discovery into, for example, medical records reflecting Kipp's blood alcohol level in the aftermath of the crash. But Mr. Kipp has not yet responded to Polaris's discovery, has not yet asserted any objections to it, and his counsel and Polaris's counsel have not met-and-conferred over any objections as would be required before any such dispute could be brought before the Court. In other words, the Responses to Polaris's Motion raise matters

---

[1] For example, which state's law should determine the applicability of the patient-physician privilege to medical records created in North Carolina, that involve treatment provided in North Carolina, and that relate to an apparent drunken driving incident that occurred in North Carolina.

that are not yet ripe, not yet before the Court, and involve significant and substantive issues justifying more fulsome briefing and treatment.

7. Because Polaris's Motion is still pending before the Court, there is no prejudice to any party in allowing the requested oral argument after the parties have filed briefs in support of their opposing positions.

8. Based on the foregoing, Polaris seeks relief from the Court pursuant to L.R. 7.3(d), allowing for oral argument in the Court's discretion, despite the omission of such a request being affixed to the caption and heading of its Motion.[2]

**WHEREFORE**, Polaris respectfully requests that this Court grant Polaris's Motion for Oral Argument on Motion for Reconsideration, or in the Alternative, to File Reply in Support.

Dated: July 11, 2022

Respectfully Submitted:

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Matthew Nirider*
Matthew Nirider
Dawn M. Beery
Craig L. Sanders
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
T: (312) 212-4949
F: (312) 767-9192
E: dbeery@beneschlaw.com
    mnirider@beneschlaw.com
    csanders@beneschlaw.com

Deana S. Stein
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
T: (216) 363-4500
F: (216) 363-4588

---

[2] Polaris's basis for requesting oral argument -- the new issues raised in the Responses -- was unknown to it at the time it filed the Motion to Reconsider.

E: dstein@beneschlaw.com

**BARNES & THORNBURG LLP**
Anthony C. Sallah
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
T: (616) 742-3976
F: (616) 742-3999
E: Anthony.Sallah@btlaw.com

*Counsel for Defendant Polaris Industries Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022 a copy of the foregoing motion was filed electronically and served by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Craig L. Sanders*
*Counsel for Polaris Industries Inc.*

15823094 v4