IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM ZIEGLER and VICKI ZIEGLER, <br><br> Plaintiffs, <br><br> v. <br><br> POLARIS INDUSTRIES, INC. and ERIC KIPP, <br><br> Defendants. | CASE NO. 1:21-CV-00956 <br><br> HON. JANE M. BECKERING <br><br> MAGISTRATE JUDGE SALLY J. BERENS |

**PLAINTIFF WILLIAM ZIEGLER and VICKI ZIEGLER'S MOTION TO MODIFY CASE MANAGEMENT ORDER**

Now comes the Plaintiffs, William and Vicki Ziegler, by and through their attorney in this regard, Thomas M. Paris, and for their Motion to Modify Case Management Order entered on November 2, 2022, states as follows:

1. On November 28, 2019, William Ziegler was the passenger in Eric Kipp's Polaris Ranger, a vehicle known in the industry as a Utility Terrain Vehicle ("UTV"). The UTV left the roadway and traveled down a sloped embankment into a creek approximately 8-10 feet below the surface of the roadway. Mr. Ziegler was rendered an incomplete quadriplegic as a result of the crash. Polaris considers the case a drunk driving case. Plaintiffs will prove that none of William's injuries occurred until the UTV's A-pillar crushed in on him and that such a failure was as a result of Polaris' design decisions.

2. The parties have continuously worked cooperatively and regularly exchanged emails and calls regarding discovery, including completed and scheduled depositions in four

1

different states. Exhibit A to this motion is a list of depositions which have gone forward and/or are scheduled in the immediate future.

3. Delays in the prosecution/defense of this case are in no way related to a lack of diligence on behalf of the lawyers involved, and in fact, exactly the opposite. In an effort to perfect its drunk driving theory of the case, Polaris has gone to extraordinary lengths to obtain medical records of Eric Kipp. Former Defendant Eric Kipp asserted medical privileges under Michigan, North Carolina and Federal law. Additionally, at his January 31, 2023 deposition, Mr. Kipp asserted rights afforded to him under the Fifth Amendment of the United States Constitution and refused to answer questions about driving on the night of occurrence, and consumption of alcohol. Mr. Kipp's refusal to testify as to his travels and how the crash occurred creates strategic issues for the parties as reconstruction testimony will be all the more subject to cross examination and *Daubert* motions.

4. On February 1, 2023, Eric Kipp's wife, Nina, asserted spousal privilege with respect to many questions, however, testified as to finding wrenches, sockets, and a portion of the seatbelt which restrained Plaintiff, in the creek. Significantly, she testified as to a rock which she believed was involved in the crash as it had scratches and mold torn from it. This dramatic testimony, and testimony from a paramedic and first responder days before, provide the parties with information that must be accounted for in their cases, including likely through expert testimony. Though the parties have diligently, and continuously, pursued fact testimony about where and how the crash occurred. It has been anything but routine to discover the basic facts of the crash.

5. The parties' investigations, discussions and deposition testimony reveal that a local resident, Dustin Hoyle, was the first person on the scene. He lives near the crash site. The unconfirmed understanding is that his son heard the crash, and Mr. Hoyle then went to the crash site. He may be responsible for both William Ziegler and Eric Kipp being alive today. The parties have twice traveled to Silva, North Carolina to depose Mr. Hoyle. On neither occasion did he show up for his scheduled deposition. On the first occasion, counsel for the parties went to his home after he did not show up. They were able to speak to him, though at a distance, as he sat inside his house while counsel stood outside. He explained that he thought he had COVID and was not leaving the house. On a second occasion, counsel for the parties went to Silva, North Carolina and he did not show. They, again, went to his home, spoke with a former brother-in-law and encountered dogs that energetically guarded the property. Suffice it to say, the inability to procure this testimony is not a lack of diligence on behalf of all counsel. A rule to show cause, under the circumstances, would create challenges (North Carolina proceeding) and may not lead to any different result.

6. On February 10, 2023, Plaintiff's counsel spoke with Mr. Hoyle who agreed that he would sit for a deposition at the Holiday Inn, Sylva, assuming the parties were able to provide transportation and lodging for the night, an agreement that counsel and the witness made on a prior occasion. Many prior attempts to reschedule the deposition resulted in nothing more than an unreturned voicemail or unanswered text.

7. 30(b)(6) depositions of Polaris witnesses are scheduled and moving forward, with full cooperation between the parties.

8. Plaintiff's counsel has identified Lay Witnesses to support Plaintiff's damages case. Those depositions are being scheduled, and again, cooperation between the parties is not an issue.

9. Plaintiff's counsel has consulted with knowledgeable liability and damage expert witnesses. While expert damage witness testimony will likely be revealed well ahead of schedule, liability testimony without a full revelation of under oath fact testimony is not a prudent idea. Obvious cross examination for lack of foundation and speculation is built in when an expert opines on issues without a proper factual foundation, or before the relevant facts are revealed.

10. Plaintiff requests a 60-day extension of all case deadlines.

11. Defendant does not object to a 60-day extension of case deadlines.

12. Circumstances as described above, and other scheduling issues delayed conducting discovery, not the lack of diligence of counsel or the parties.

13. Plaintiff asks the court to modify the case management schedule as follows:

|  | Current Schedule | Proposed New Schedule |
|---|---|---|
| Completion of Fact/Liability Discovery | February 6, 2023 | April 6, 2023 |
| Completion of Expert Discovery | June 26, 2023 | August 26, 2023 |
| Plaintiffs' Rule 26(a)(2)(A) Expert Disclosures | March 13, 2023 | May 15, 2023 |
| Defendant's Rule 26(a)(2)(A) Expert Disclosures | April 10, 2023 | June 12, 2023 |
| Plaintiffs' Rule 26(a)(2)(B) Expert Reports | April 10, 2023 | June 12, 2023 |
| Defendant's Rule 26(a)(2)(B) Expert Reports | May 10, 2023 | July 10, 2023 |
| Plaintiffs' Rule 26(a)(2)(B) Rebuttal Expert Reports | May 22, 2023 | July 24, 2023 |
| Defendant's Rule 26(a)(2)(B) Rebuttal Expert Reports | June 5, 2023 | August 7, 2023 |
| Dispositive Motions | July 31, 2023 | October 2, 2023 |
| ADR to Take Place On Or Before | July 3, 2023 | September 5, 2023 |

Wherefore, for all the foregoing reasons, Plaintiff prays that the court grant an extension for 60 days of the current case deadlines and enter an amended case management order.

| | |
|---|---|
| Dated: February 14, 2023 | Respectfully Submitted By: |
| | */s/ Thomas M. Paris* |
| | Thomas M. Paris |
| | *Counsel for Plaintiff William Ziegler and Vicki Ziegler* |

Thomas M. Paris
55 W. Monroe, Suite 3330
Chicago, IL 60603
312-759-1600
tp@tomparislaw.com

## PROOF OF SERVICE

Thomas M. Paris, being first duly sworn, deposes and states that on the 14th day of February 2023, he did cause to be served a copy of the foregoing instrument and this Certificate of Service upon all counsel via email.

/s/ *Thomas M. Paris*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
Dawn M. Beery
Matthew Nirider
Craig L. Sanders
Deana Stein
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
dbeery@beneschlaw.com
mnirider@beneschlaw.com
csanders@beneschlaw.com
dstein@beneschlaw.com


**BARNES & THORNBURG LLP**
Anthony C. Sallah
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Anthony.Sallah@btlaw.com
*Counsel for Defendant Polaris Industries Inc.*

**Exhibit A**

**Completed Depositions**

| Witness | Role | Date | State |
|---|---|---|---|
| Brian McMahan | Fire Chief | 7/27/22 | North Carolina |
| Chuck Irwin | First Responder | 7/27/22 | |
| Dustin Hoyle | Witness | 7/28/22 | No show, North Carolina |
| Dustin Hoyle | Immediate post-occurrence witness | 8/9/22 | No show, North Carolina |
| Tyson W. Crawford | State Trooper | 8/9/22 | North Carolina |
| Stormy Schweinler | Paramedic | 8/9/22 | North Carolina |
| Vicki Ziegler | Plaintiff | 8/12/22 | Illinois |
| William Ziegler | Plaintiff | 8/30/22 | Illinois |
| Jared Fiskeaux | First Responder | 1/27/23 | North Carolina/Zoom |
| Kaitlyn Turner | Paramedic | 1/27/23 | North Carolina/Zoom |
| Eric Kipp | Driver | 1/31/23 | Michigan |
| Nina Kipp | Pre-occurrence witness, post-occurrence investigation | 2/1/23 | Michigan |
| | 30(b)(6) | Postponed | Minnesota |
| | 30(b)(6) | 2/17/23 | Minnesota |
| Dustin Hoyle | Witness | 3/10/23 | North Carolina |