UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ZIEGLER, et al.,

    Plaintiffs,

v.

POLARIS INDUSTRIES, INC., et al.,

    Defendants.
_____/

Case No. 1:21-cv-956

HON. JANE M. BECKERING

## ORDER

On November 10, 2021, Plaintiffs William and Vicki Ziegler filed a Complaint against Defendants Polaris Industries, Inc. and Eric Kipp (ECF No. 1). On May 27, 2022, pursuant to a joint motion filed by Plaintiffs and Kipp (ECF No. 28), Kipp was dismissed from the instant action with prejudice (*see* Order of Partial Dismissal, ECF No. 30). Plaintiffs' Counts I ("Strict Liability Design Defect"), II ("Negligence"), and IV ("Loss of Consortium") against Polaris remain (*id.* at PageID.5–9).

The instant action arises from a Utility Terrain Vehicle (UTV) crash of a 2017 Polaris Ranger, Model 570 that occurred on November 28, 2019, in Jackson County, North Carolina, while Kipp was driving (*id.* ¶¶ 7–9). William Ziegler was a passenger who sustained significant injuries (*id.*). Plaintiffs are citizens and residents of Illinois (*id.* ¶¶ 2–3). Polaris is incorporated and has its principal place of business in Minnesota (*id.* ¶ 4; *see* Joint Status Report, ECF No. 15 at PageID.74). Kipp is a resident of Michigan (*id.* ¶ 6). In the Complaint, Plaintiffs assert that "[v]enue is proper over Polaris in this district and division because the claim arises from an incident which its foreseeable user, Eric Kipp, now resides" (*id.* ¶ 5).

It appears to this Court that venue may be improper in the Western District of Michigan, and that legal issues related to the application of substantive state law merit addressing at this juncture in the case. Accordingly, the Court will require the parties to brief two issues: (1) whether venue is proper in the Western District of Michigan or, if venue is not proper, the parties shall file a motion to transfer or dismiss this case indicating where venue is proper; and (2) which state substantive law applies in this diversity jurisdiction action under the relevant choice-of-law rules.

In addition, Plaintiffs filed a "Motion for Extension of Time to Adjust Rule 26 Schedule as Concerns Liability Witnesses" (ECF No. 57), requesting that this Court extend the deadlines for Rule 26(a)(2)(a) disclosure of liability experts to May 3, 2023 and the Rule 26(a)(2)(B) reports until May 31, 2023, "and allow Polaris a sufficient time to respond with liability expert reports commensurate with this schedule" (*id.* at PageID.301). The Court has previously warned the parties that "additional requests to extend the [remaining CMO] deadlines w[ould] not be favored" (Order, ECF No. 52), and on February 17, 2023, the Court notified the parties that "there will be no additional extensions in this matter" (Order, ECF No. 54). Having reviewed the filing, the Court determines that Plaintiffs have not demonstrated good cause to reconsider the existing deadlines. Accordingly, Plaintiffs' motion is denied.

Therefore,

**IT IS HEREBY ORDERED** that **no later than March 23, 2023**, the parties shall each file a brief, limited to 12 pages each, addressing the two issues set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for extension of time (ECF No. 57) is denied.

Dated: March 9, 2023         /s/ Jane M. Beckering
                             JANE M. BECKERING
                             United States District Judge